23867.   CALHOUN et al. v. STATE HIGHWAY DEPARTMENT.

ARGUED JANUARY 9, 1967—DECIDED JANUARY 19, 1967—REHEARING DENIED JANUARY 25, 1967.

*Robert E. Knox, Warren D. Evans,* for appellants.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, D. Field Yow, L. Clifford Adams, Jr., Deputy Assistant Attorneys General, Lon L. Fleming,* for appellee.

DUCKWORTH, Chief Justice. ■ It is stipulated that the lands involved were taken on May 4, 1965. The record shows that the trial ended December 1, 1965, and the 1966 Act defining just and adequate compensation (Ga. L. 1966, p. 320) was approved March 10, 1966. This court ruled in *Hard v. Housing Authority of the City of Atlanta,* 219 Ga. 74, supra, that, in proving value, evidence showing that an enhancement in value resulted from knowledge of the impending taking was admissible. The 1966 Act provides in effect that such evidence is not admissible. The Court of Appeals reasoned that such cases as *City of Valdosta v. Singleton,* 197 Ga. 194 (28 SE2d 759); *Fulton County v. Spratlin,* 210 Ga. 447 (80 SE2d 780); and *Fulton Bag & Cotton Mills v. Williams,* 212 Ga. 783 (95 SE2d 848), required them to apply the law as it existed at the time of their decision, that is, the 1966 Act, rather than the law as it existed at the trial as set out in the *Hard* case; and upon this reasoning reversed. The motion for rehearing challenged this ruling, pointing out that in each of the decisions relied upon it was expressly recognized that such rule should not apply to destroy vested rights. This same position is taken in the application for certiorari, and we granted the writ because of this assignment. Consequently, the motion to dismiss, based upon Rule 52, which requires that contentions made in the ap-

plication must have been urged in a motion for rehearing, is manifestly without merit. The 1960 amendment of Art. I, Sec. III, Par. I, of the Constitution of 1945 (*Code Ann.* § 2-301; Const. of 1945) removing the requirement of "being first paid" as to property taken for public roads and streets, did not alter the demand that "just and adequate compensation" be paid as provided in the Constitution. The issue in this case is not when payment must be made but what evidence is admissible to prove value at the time of taking. The motion to dismiss the application as having been improvidently granted is without merit.

■ The decisive question here is: Does the Constitution, Art. I, Sec. III, Par. I, supra, vest in every landowner in Georgia a right to employ evidence, held by this court in the *Hard* case, supra, to be admissible in proof of "just and adequate compensation" for same when taken for public use? It commands that he be paid just and adequate compensation. What is just and adequate is a justiciable question, and under the constitutional clause (*Code Ann.* § 2-123; Const. of 1945) requiring separation of powers, only the judiciary can lawfully determine that question. Can it be seriously doubted that the bill of rights vests interests in the individual? None of the three separate departments of the state—legislative, executive or judicial, has the power to reduce or abolish the constitutional right of the owner to receive just and adequate compensation for his private property taken for a public use. Only the judiciary can adjudicate the amount of such compensation and what evidence is relevant and admissible for that purpose. This court performed its duty in that respect in the *Hard* case. The purported exercise of judicial powers by the 1966 Act, purportedly overruling a judgment of this court, is void on its face; and the vested right of the owners can not be destroyed by applying the 1966 Act to a case that has already been tried. We are aware of the well-known rule that until time for review has passed a party to a judgment has no vested interest in it. See *Franklin v. Harper*, 205 Ga. 779 (55 SE2d 221). The right here threatened is that conferred by the Constitution, and none of the decisions in the cases cited above and by the Court of Appeals are authority for impairing that right. On

the contrary each of those decisions plainly says the rule there applied was applicable only when no vested rights would be defeated by it.

It is beyond the power of the General Assembly to specify what evidence can or can not be introduced to prove just and adequate compensation. If they have such power they could exclude all evidence and thus destroy the Constitution and private property also. If they can by the 1966 Act exclude evidence held judicially to be relevant and admissible as was done in the *Hard* case, they can render the judiciary impotent. See *McCutcheon v. Smith*, 199 Ga. 685 (35 SE2d 144); *Northside Manor, Inc. v. Vann*, 219 Ga. 298 (133 SE2d 34). From what has been said it must follow that, even if the 1966 Act is valid, it can not be applied on this appeal.

It is firmly established by the decisions of this court that challenges to the constitutionality of statutes must be made at the first opportunity, and must have been ruled upon by a lower court before this court will rule upon them. But the factual situation in this case raises a serious question as to whether, in the light of the provisions of the Constitution (*Code Ann.* § 2-402; Const. of 1945) that legislative acts which violate the Constitution are void, and it is the duty of the judiciary to so declare them, this court can avoid that duty because of the above rules, which it was impossible to follow here. The trial was finished on December 1, 1965, and the 1966 Act was approved March 10, 1966. The appeal was by the Constitution required to be made to the Court of Appeals which has no jurisdiction to decide constitutional questions. The Act first entered the case in the Court of Appeals, being injected into the case by that court. *Code* § 3-105. Could the Act, clearly void on its face, be employed to the injury of a party because he had not obtained a ruling in the trial court which was impossible when he here urges its unconstitutionality at his first opportunity in a court with jurisdiction to decide it? In the circumstances should landowners and trial courts be left in the dark as to whether or not the 1966 Act is void? Here is demonstrated the everlasting truth that there are exceptions to all rules. All cases factually identical with this one will be

unjustly decided if this court applies the above rules. But by making such cases exceptions to the general rule and deciding them, justice will be done, and no one will be denied justice. We therefore hold that for the reason that the 1966 Act is an attempt to invade the exclusive jurisdiction of the judicial department, it offends the constitutional separation of powers and is therefore void.

*Judgment reversed. All the Justices concur, except Cook, J., disqualified.*