## 57188. DEPARTMENT OF TRANSPORTATION v. KENDRICKS.

SHULMAN, Judge.

Appellant condemned a narrow strip of appellee's property for a slope easement. Being dissatisfied with appellant's appraisal, appellee appealed to a jury for a determination of just and adequate compensation. This appeal follows a judgment including an award of attorney fees entered on a jury verdict considerably in excess of appellant's offer. We affirm.

1. In accordance with the procedure outlined in

*White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385), and taking into consideration testimony establishing a contingency contract for legal services, the trial court awarded $5,000 as attorney fees. Appellant, citing *DeKalb County v. Trustees, &c. Elks,* 242 Ga. 707 (251 SE2d 243), submits that this award must be reversed. For the reasons which follow, we hold that the ground urged by appellant does not provide a basis for reversing the award of attorney fees.

The recent decision of the Supreme Court in *DeKalb County* is unmistakably clear: attorney fees for litigation may be awarded *only* by statute. See *Dept. of Transp. v. Doss,* 238 Ga. 480, 486 (233 SE2d 144) (Justice Hall dissenting). (In *DeKalb County,* this dissent was expressly adopted as the majority view.) See also *Bowers v. Fulton County,* 122 Ga. App. 45 (1) (176 SE2d 219), affd. 227 Ga. 814 (183 SE2d 347).

As recovery of attorney fees from the opposite party to condemnation litigation is neither required by the constitution nor authorized by judicial decision or statute, the award of attorney fees is, under the *DeKalb County* case, erroneous. We note, however, that the award of attorney fees is not constitutionally prohibited if otherwise appropriate. Id., p. 709.

2. Recognizing that attorney fees are no longer considered to be an element of just and adequate compensation, we must decide whether a judgment including an award of attorney fees entered when the award of attorney fees was authorized may stand.

A. "The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law. To this the courts have established the exception that where a constitutional or statute law has received a given construction by the courts of last resort . . . vested rights [may not be] impaired by a change of construction made by a subsequent decision." *Mutual Life Ins. Co. v. Barron,* 70 Ga. App. 454, 463 (28 SE2d 334), affd. 198 Ga. 1 (30 SE2d 879). Accord, *Dehco, Inc. v. State Hwy. Dept.,* 147 Ga. App. 476 (249 SE2d 282).

B. Based on the authoritative controlling decision of

*Calhoun v. State Hwy. Dept.,* 223 Ga. 65 (2) (153 SE2d 418), we conclude that the law to be applied on appeal is that contained in the *White* case. "[T]he vested right of the owners [to just and adequate compensation] cannot be destroyed by applying the [law existing as of the date of the appeal] to a case that has already been tried." *Calhoun,* supra, p. 67, revg. 114 Ga. App. 501 (5) (151 SE2d 806), holding that a condemnee has no vested right in rules relating to the relevance of evidence for determining just and adequate compensation. See also in this regard Judge Birdsong's opinion in *Housing Authority of the City of Atlanta v. Southern R. Co.,* 150 Ga. App. 4.

C. This court is not unaware of recent decisions of the Supreme Court impliedly (and necessarily) holding that the right to attorney fees as an element of just and adequate compensation is not a vested right. See, e.g., *Dept. of Transp. v. Glenn,* 243 Ga. 21; *Dept. of Transp. v. Merritt,* 243 Ga. 52. Perhaps it would be more expedient to implement the holdings of the Supreme Court as expressed in the more recent decisions of that court. But, in interpreting the law, it is our solemn duty and obligation to follow recognized rules.

"[T]he rule which we must here apply is that: 'this court . . . as well as the Supreme Court is bound by the oldest unanimous decisions of the Supreme Court on any question decided unless and until that case is overruled, modified, distinguished or declared obiter as authorized by law. Code § 6-1611. And, if there are two conflicting decisions of the Supreme Court, neither of which is unanimous, this court will follow the older case.' [Cits.]" *Fidelity-Phenix Ins. Co. v. Mauldin,* 123 Ga. App. 108, 111 (179 SE2d 525).

3. The trial court allowed, over condemnor's objection, testimony that the lowering of the grade of the right-of-way damaged appellant's property. Appellant submits that this evidence did not relate to a proper element of damages and was erroneously admitted. We disagree.

The testimony relating to interference with access from the lowering of the grade was properly admitted. See generally Cheek v. Floyd County, Ga., 308 FSupp. 777 (2)

(N.D. Ga. 1970) and cits. See also *State Hwy. Dept. v. Murray,* 102 Ga. App. 210, 215 (115 SE2d 711).

4. Appellant submits that the court erred in permitting a nonexpert to testify as to the value of the condemned property. We find no such error.

The witness testified that he lived on the property for an extended period of time, that he lived in or around the county where condemned property was located all of his life (35 years), and that he was familiar with property values in the city and county where the property was situated. As this testimony sufficiently established the facts upon which the opinion was based, the admission of opinion evidence as to value was proper. *State Hwy. Dept. v. Chance,* 122 Ga. App. 600 (1) (178 SE2d 212). Compare *State Hwy. Dept. v. Raines,* 129 Ga. App. 123 (1) (199 SE2d 96), where testimony of a farmer regarding the value of the condemned property for nonfarm use was held inadmissible.

5. Appellant's contention that the trial court committed reversible error in allowing testimony of replacement costs is not well taken.

"In a condemnation action evidence of the replacement cost of the property to be taken is relevant and admissible . . . [W]here other factors must be taken into account in determining the fair market value of the property [and evidence of such other factors is lacking] . . . upon proper motion, the replacement cost testimony should be stricken . . ." *State Hwy. Dept. v. Murray,* supra, p. 210.

Appellant has failed to cite that portion of the record where proper motion was made. Accordingly, nothing is presented for consideration. *Scott v. State,* 149 Ga. App. 59.

6. For the purposes of presenting value evidence, appellee divided her tract into two parcels. Appellee asserts that the trial court erred in allowing testimony to the effect that a portion of the condemned property constituted a separate parcel which had sustained certain consequential damages.

A review of the transcript shows that appellant's objection on the trial level did not sufficiently encompass the grounds urged on appeal. Accordingly, appellant will

not be permitted to raise this issue on appeal. *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668 (3) (239 SE2d 686).

7. The trial court instructed the jury that loss, if any, resulting from interference with access can only be considered as an element of consequential damages. Appellant contends that this charge was not authorized by the evidence. As we have held that evidence authorizing this charge was properly admitted, this enumeration is without merit.

8. The trial court refused appellant's request to charge on the measure of damages relating to grade changes. It is submitted that this refusal warrants reversal.

A review of the charge as given shows that the subject was adequately covered in the general charge. As such, the enumeration affords no grounds for reversal. See generally *Brown v. Ga. Power Co.,* 134 Ga. App. 784 (4) (216 SE2d 613).

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED FEBRUARY 12, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 8, 1979 — ■

*Arthur K. Bolton, Attorney General, W. Anthony Moss, Staff Assistant Attorney General, William A. Zorn,* for appellant.

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellee.