*Bar,* for State Bar of Georgia.

## 35136. DEPARTMENT OF TRANSPORTATION v. KENDRICKS.

PER CURIAM.

Mrs. Alene Kendricks was awarded $20,000 plus $5,000 attorney fees as the "just and adequate compensation" that is constitutionally mandated for the public taking of her property by the Department of Transportation. Ga. Const. 1976, Art. I, Sec. III, Par. I; Code Ann. § 2-301 (1). The Court of Appeals, in *DOT v. Kendricks,* 150 Ga. App. 9 (256 SE2d 610) (1979), affirmed the grant of attorney fees despite this court's decision in *DeKalb County v. Trustees, Decatur Lodge No. 1602, B. P. O. Elks,* 242 Ga. 707 (251 SE2d 243) (1978), that attorney fees are not an element of "just and adequate compensation." We reverse.

Mrs. Kendricks argues that she acquired a vested right in the attorney fees awarded to her in this case. It is axiomatic that she has acquired no vested right in the judgment of the trial court. *Calhoun v. State Hwy. Dept.,* 223 Ga. 65 (153 SE2d 418) (1967); *City of Valdosta v. Singleton,* 197 Ga. 194 (28 SE2d 759) (1944). If this rule applies where there is a change of law by statute, then a fortiori, it also applies where there is a change of law by judicial decision. *Dehco, Inc. v. State Hwy. Dept.,* 147 Ga. App. 476 (249 SE2d 282) (1978).

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who concur specially.*

ARGUED SEPTEMBER 11, 1979 — DECIDED
OCTOBER 31, 1979.

*Arthur K. Bolton, Attorney General, W. Anthony Moss, Staff Assistant Attorney General,* for appellant.

*Gibbs, Leaphart & Smith, J. Alvin Leaphart,* for appellee.

UNDERCOFLER, Presiding Justice, concurring specially.

The majority fails to address the issue here on appeal. The question is not whether Mrs. Kendricks acquired a vested right in the judgment of the trial court, which I agree that she did not, but whether she acquired a vested right to attorney fees when her property was condemned.

The statute under which her property was condemned provides that "[u]pon the filing of said declaration of taking and the deposit into court, . . . title to said land in fee simple absolute . . . shall vest in the condemnor; . . . and *the right to just compensation for the same shall vest in the persons entitled thereto: . . .*" Ga. L. 1973, pp. 947, 1011 (eff. April 18, 1973); Code Ann. § 95A-605 (b). (Emphasis supplied.)

Mrs. Kendricks' land was taken on May 23, 1973. Under this statute, her right to "just and adequate compensation" immediately became vested. At that time, however, she was not entitled to attorney fees as part of her award. *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347) (1971). See *Calhoun v. State Hwy. Dept.,* 223 Ga. 65 (153 SE2d 418) (1967). That the law changed in 1976, *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976), when her case was tried, did not alter this fact. Therefore, when *White* was later overruled by *DeKalb County v. Trustees, Decatur Lodge No. 1602, B. P. O. Elks,* 242 Ga. 707 (251 SE2d 243) (1978), she had no vested right to attorney fees which could have been impaired by that decision.[1] The same is true of *DOT v. Merritt,* 243 Ga.

---

[1] "The general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, . . . To this the courts have established the exception that where a constitutional or statute law [sic] has received a given construction by the courts of last resort and contracts have been made and rights acquired under and in accordance with such construction, such contract may not be invalidated, *nor vested rights acquired under them be impaired by a change of construction made by a subsequent decision." Mutual Life Ins. Co. v. Barron,* 70 Ga. App. 454, 463 (28 SE2d 334) (1943). (Emphasis supplied.)

52 (252 SE2d 508) (1979), revd. 147 Ga. App. 316 (248 SE2d 689) (1978) (taking occurred June 11, 1973), and *DOT v. Glenn,* 243 Ga. 21 (252 SE2d 906) (1979), revd. 146 Ga. App. 819 (247 SE2d 520) (1978) (taking occurred on July 29, 1975). In *Elks,* on the other hand, which was a Marta condemnation before "quick taking" was authorized for Marta, no vested rights accrued to the condemnees until the appeals were final. Compare Ga. L. 1979, pp. 973, 976, amending Code Ann. § 95A-605 (Supp. 1979). Thus, the reversal of the attorney fees in that case, unlike the case at bar, falls under the *Singleton* rule, erroneously relied on by the majority here.

Although it has always been my position that attorney fees are part of "just and adequate" compensation under our constitution, I concur in the judgment here on the ground that under the majority decisions of this court, Mrs. Kendricks had no vested right to attorney fees. I do so, however, on the basis that she had acquired no vested right to them rather than that her appeal was not final.

I am authorized to state that Chief Justice Nichols joins in this special concurrence.