## 62894. HENSEL PHELPS CONSTRUCTION COMPANY v. JOHNSON et al.

BIRDSONG, Judge.

This is a companion case to *Parsons, Brinckerhoff, Quade & Douglas v. Johnson,* 161 Ga. App. 634 (288 SE2d 320), post.

Appellant Hensel Phelps Construction Co., a contractor on a MARTA rapid rail construction project, contracted with A. R. Winter Company, an independent subcontractor, for Winter to unload steel beams used in constructing the rail system. Appellee Thomas Johnson was employed by A. R. Winter Co. as a construction worker. Following Johnson's injury on the job, A. R. Winter Co. paid Johnson all entitled statutory workers' compensation benefits under the act. Johnson and his wife subsequently sued Hensel Phelps in negligence, and received a verdict therefor. Appellant Hensel Phelps contends for the first time on appeal that the trial court erred in allowing the appellees' negligence case to go to the jury inasmuch as at the time of Mr. Johnson's injury, Hensel Phelps was his statutory employer and thus the Johnsons' complaints based in tort were barred under Code Ann. § 114-112 and 114-103 because Johnson had already received from his immediate employer, A. R. Winter Co., all workers' compensation benefits to which he was entitled.

We are constrained to agree that the judgment awarding Mr. and Mrs. Johnson damages should be reversed, based on the recent Georgia Supreme Court case of *Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41). That case, which was decided April 21, 1980, five days after the jury's verdict in the case below, held that under Code Ann. §§ 114-103 and 114-112, a statutory employer is immune to any action in negligence by an employee of a subcontractor or independent contractor who has already paid the employee workers' compensation benefits. The *Rieder* case applies to the case at bar. On appeal we apply the law as it exists at the time of appeal rather than the law prevailing at the rendition of the judgment under review; we may reverse a judgment that was correct when rendered, where the law has been changed in the meantime and where no vested right will be impaired. *City of Valdosta v. Singleton,* 197 Ga. 194, 208 (28 SE2d

759). See similarly, *Sentry Indemnity Co. v. Sharif,* 156 Ga. App. 828 (1) (276 SE2d 54). Until time for review has passed, a party to a judgment has no vested interest in it (*Calhoun v. State Hwy. Dept.,* 223 Ga. 65, 67 (153 SE2d 418)) and syllogistically, no vested right to the cause of action underlying the judgment. The rule is the same whether the change of law removing the cause of action is by judicial decision interpreting a statute or by legislative enactment. *Dept. of Transp. v. Kendricks,* 244 Ga. 613 (261 SE2d 391). Appellant Hensel Phelps' argument is incorrect where it contends that the trial court erred in denying its motion for directed verdict at trial, for the motion was based on the contention that Hensel Phelps was not liable to Mr. Johnson who was alleged to be a "borrowed servant," and was without merit on the facts. Consequently, the trial court did not err in sending the case to trial on that basis. But, although the appellees aptly contend that appellant cannot claim error now because it did not raise on motion for directed verdict (see Code Ann. § 81A-150) the issue it raises on appeal, the simple answer to this is that appellant could not raise a defense that did not then exist. The same answer applies to our own rule that we will not consider what is raised for the first time on appeal. See, e. g., *Sentry Indemnity Co.,* supra, Birdsong, J. dissent to denial of rehearing, p. 836.

The record raises no real issue or question that appellant Hensel Phelps had, at the time of Johnson's injury, less than three employees regularly in service in this state so as to be not subject to the Workers' Compensation Act (see Code Ann. § 114-107) and to the immunity from tort claims granted thereunder, so we need not reach that question.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 18, 1982 —
REHEARING DENIED MARCH 15, 1982 —

*Paul A. Howell, Jr., Terrence Lee Croft,* for appellant.
*Judson Graves, G. Michael Hartley,* for appellees.

ON MOTION FOR REHEARING.

On motion for rehearing, the appellee-plaintiff Johnson contends that, notwithstanding the principle that we apply the law in effect at the time of appeal, the trial court was correct to deny directed verdict to Hensel Phelps, because there was no affirmative showing by Hensel Phelps that it had three or more employees regularly in service in Georgia and hence was subject to the Workers' Compensation Act (Code Ann. § 114-107) and entitled to immunity from tort liability under Code Ann. § 114-112 and the decision in

*Wright Assoc. v. Rieder,* 247 Ga. 496 (277 SE2d 41).

The appellee is correct that a directed verdict shall not be granted unless "there is no conflict as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict" (Code Ann. § 81A-150), and that ordinarily the number of employees must be affirmatively proved in order for the employer to take advantage of the provisions of the Act. *McCluskey v. American Oil Co.,* 224 Ga. 253 (161 SE2d 271). However, in this case, the appellant Hensel Phelps was the statutory employer under Code Ann. § 114-112, and hence was by law subject to the Act and was required by law to comply with the Workers' Compensation Act (*Haygood v. Home Transp. Co.,* 244 Ga. 165, 166 (259 SE2d 429); and *Wright Assoc.,* supra, p. 499), was liable to the injured employee to the same extent as his immediate employer the Winter Company (Code Ann. § 114-112) and was entitled to tort immunity under that code section and Code Ann. § 114-103 and *Wright Assoc.,* supra.

Moreover, it is undisputed that Hensel Phelps did provide workers' compensation insurance. Code Ann. § 114-607 provides: "A policy of insurance issued under this Title shall always first be construed as an agreement to pay compensation. . . . [C]ompensation shall be paid to an injured employee . . . for a compensable accident as if the employer and/or the employee were subject to this Title, *the policy of compensation insurance constituting a definite contract between [the] parties.*" (Emphasis supplied.)

The appellee contends that the appellant's remedy in this case was to move for a new trial (Code Ann. § 6-702) and that since Hensel Phelps did not do so, it is stuck with the verdict against it. But a motion for new trial was not the remedy in this case, because a motion for new trial may not be used to raise objections to the judgment only and not the verdict. *Williams v. Cross,* 197 Ga. 295 (2) (28 SE2d 924); *Smith v. Wood,* 189 Ga. 695 (2) (7 SE2d 255). A motion for judgment notwithstanding the verdict was the appropriate remedy in this case, "but in all cases where such motion is an available remedy, the party may file the motion, or appeal directly from the final judgment and enumerate as error the overruling of the motion for directed verdict." (Code Ann. § 6-702). That may not be politic in a case where new law has invalidated the judgment, but that is what the statute says. Moreover, the appellee cannot complain that he is injured by the appellant's failure to seek and obtain judgment n.o.v. in this case, because the jury rendered severable verdicts against appellant and against co-defendant PBTB; the appellee would not in any case be entitled to a new trial against PBTB in hopes of obtaining a larger verdict. See *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110); and see

*Smith v. Nelson,* 123 Ga. App. 712 (5), fn. 3 (182 SE2d 332). The law at the time of appeal of this case entitles the defendant Hensel Phelps to the directed verdict, even though the grounds underlying it were not urged for the obvious reason that they did not then exist. If, where the evidence and new law requires entitlement to a certain judgment, we required the grounds therefor to have been urged below although the defendant could not have known of them, the rule that we apply the law at the time of appeal would be meaningless.

*Motion for rehearing denied.*