68765. DEPARTMENT OF TRANSPORTATION v. WHITE et al.
(325 SE2d 397)

BIRDSONG, Presiding Judge.

This is an appeal from a condemnation award of an additional $69,325 plus interest, above the $128,715 paid by condemnor into court registry with the declaration of taking on September 10, 1980. *Held:*

1. DOT contends the trial court erred in allowing evidence, and charging the jury, as to enhancement in value by reason of the public announcement of condemnor's intention to take an area which includes the subject land. The objections were made on constitutional grounds. DOT contends the Georgia Constitution (See 1976 Ga. Constitution, Art. 1, Sec. 3, Par. 1; formerly Code Ann. § 2-301) authorizes the General Assembly to require compliance with federal law (Uniform Relocation Assistance and Real Property Acquisition Poli-

cies Act of 1970, Public Law 91-646), which federal law forbids compensation for enhancement by reason of taking; and that the General Assembly so acted by requiring compliance with the federal law, at OCGA § 32-8-1, formerly Code Ann. § 95A-623.

Former Art. 1, Sec. 3, Par. 1 (2) provides: "2. Notwithstanding any other provisions of this Constitution, the General Assembly of the State of Georgia may by law require the State and State agencies and institutions . . . created under this Constitution or the laws of this State . . . (ii) to establish and implement acquisition policies and practices and provide for the payment or reimbursement of necessary expenses of persons whose properties are acquired in connection with the acquisition of real property for public projects or programs, such policies, practices, payments and reimbursements to include, without limitation, those real property acquisition policies, practices, payments and reimbursements which Section 305 of said Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 requires that the foregoing public entities establish and implement or pay and reimburse, as the case may be, in acquiring real property for a public project or program in order that federal financial assistance can be made available to such public entities with respect to such projects or programs."

However, OCGA § 32-8-1 (b) merely requires the Department of Transportation in its condemnation procedures to be guided by the federal law "to the greatest extent practicable." This act obviously does not affect the judiciary's determination of just and adequate compensation, even if the 1972 constitutional amendment had authorized it to do so.

Moreover, in *Calhoun v. State Hwy. Dept.*, 223 Ga. 65 (153 SE2d 418), the Supreme Court held, specifically on the issue of enhancement, that the legislature by a 1966 act could not specify what evidence can or cannot be introduced to prove just and adequate compensation; otherwise the result would be a violation of the constitutional guarantee of just and adequate compensation and an infringement on the judiciary's right to determine what is just and adequate. *Calhoun*, pp. 67-68. If a *constitutional* amendment were passed authorizing such legislation, it might conceivably alter the *Calhoun* analysis; but this particular constitutional amendment (which was repealed as of January 1, 1983; see 1983 Ga. Constitution, Art. 11, Sec. 1, Par. 6) never authorized any such legislative encroachment upon the judiciary's right to determine just and adequate compensation.

The condemnee is entitled to the value of his property at the time of taking, *Wright v. MARTA*, 248 Ga. 372, 374 (283 SE2d 466), and not at the time of announcement of condemnation, *R. E. Adams Properties v. City of Gainesville*, 125 Ga. App. 800 (189 SE2d 114).

This necessarily means that if the value of the property was enhanced by the prior announcement of the condemnor's intention to take the area, the condemnee is entitled to such enhancement, that being the value at the time of taking. *Hard v. Housing Auth. of Atlanta*, 219 Ga. 74 (132 SE2d 25). Appellant's enumerations of error concerning enhancement are without merit.

2. The trial court properly allowed in evidence a January 1979 contract between condemnee and a third party (Rollins, Inc.) for the purchase of the subject property at $280,000. The contract was signed only by the third party's broker, and a $5,000 check was tendered in escrow, but the contract was voided by its own terms when the condemnation was announced. The contract was not inadmissible merely because it was never "closed." The evidence showed the broker was authorized to locate property for Rollins, Inc. in the area and was actively engaged in doing so. The contract was admissible as evidence of value. Unlike the offer or agreement in *Southern R. Co. v. Miller*, 94 Ga. App. 701, 706 (96 SE2d 297), it was not too speculative and uncertain to prove the value of the land, because it was bona fide, written, and certain. The witness had obligated himself (although not his principal) upon the contract and could testify that in his opinion it represented the value of the property. See *Southern R. Co.*, supra. Moreover, the evidence in this case was such that the jury could determine the circumstances under which the contract was drawn so as to determine its weight. See *Southern R. Co.*, supra. The fact that the contract contained a common provision voiding itself if the property was condemned did not, under this evidence, render it uncertain or illusory, nor was it on its face subject to easy fabrication. This contract was more than a mere offer to purchase property, and is entirely distinguished from the offers of purchase in *Merritt v. Dept. of Transp.*, 147 Ga. App. 316 (248 SE2d 689). It was not an unaccepted offer on comparable property (see *Dept. of Transp. v. Simon*, 151 Ga. App. 807 (261 SE2d 710)); but from the evidence the jury could find it was a bona fide offer on the later-condemned property which was or would have been actually accepted by the owner but for the subsequent occurrence of condemnation. As the trial judge noted during trial, unless evidence is clearly incompetent and inadmissible for a specific reason, it should go to the jury for a determination of its weight.

3. The same witness who entered the contract on behalf of Rollins, Inc. to purchase the subject property also testified as to value of certain nearby property he ultimately did locate and purchase for Rollins. Appellant contends this evidence was inadmissible because it was a "coerced" sale in that the property was adjoining or surrounded by Rollins' existing property, and was not an arm's length sale. Whether a particular sale of property is comparable is a matter for

the sound discretion of the trial court. *State Hwy. Dept. v. Raines*, 129 Ga. App. 123 (199 SE2d 96). The trial judge closely considered the evidence and determined the sale was comparable and not coerced, and under the evidence in this case, he did not abuse his discretion in so finding.

4. The jury charge as to uniqueness was authorized by the evidence. The condemnor's witness testified the property was unique, being located in an easily accessible intersection of Interstate 85 and Piedmont Road, near the center of Atlanta, and that it was an excellent and very fine location for the condemnee's particular business, which was renovation of burned property and which required quick response to service calls. Evidence showed the property was unique in being highly usable for "light industrial" purposes, such as the condemnee's business, while situated and surrounded in a commercially zoned area, and that its location provided excellent advertising by signs visible from the expressway. Uniqueness is a jury question, assuming the charge is authorized by evidence and not misleading, as this was not. *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348 (299 SE2d 594).

The trial court did not err in denying a new trial.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 15, 1984 —
REHEARING DENIED DECEMBER 13, 1984 —

*Charles C. Pritchard, Abraham A. Sharony*, for appellant.
*Charles M. Kidd, Woodrow W. Vaughan, Jr.*, for appellees.