A02A1499. MORAN v. THE STATE.
(570 SE2d 673)

PHIPPS, Judge.

As a result of an incident occurring in 1996, Joseph Donald Moran was charged with and convicted of driving under the influence of alcohol to the extent that it was less safe to drive (former OCGA § 40-6-391 (a) (1)) and driving with an unlawful blood alcohol content (former OCGA § 40-6-391 (a) (4)). He challenges the admission of similar transaction evidence and the legality of the traffic stop leading to his arrest, and he raises various issues concerning the trial court's admission of evidence and instructions to the jury. We find no error and affirm.

State's evidence showed that the arresting officer's attention was drawn to Moran's vehicle because it was weaving repeatedly within its lane of traffic. The officer effected the stop after observing that Moran was not wearing a shoulder strap safety belt. Moran stopped the car after turning into a Hardee's parking lot. Upon approaching the car, the officer determined that Moran was not wearing a lap belt. After detecting a strong odor of alcohol coming from the vehicle, the officer asked Moran to submit to field sobriety tests. Moran agreed to perform the tests but did so unsatisfactorily. As a result, the officer arrested him for DUI and transported him to the police station, where a blood alcohol test was performed with an Intoxilyzer 5000. Moran registered above the then 0.10 per se limit for blood alcohol.

Similar transaction evidence was admitted showing that as a result of a traffic stop in 1992, Moran had been charged with and convicted of driving with an unlawful blood alcohol content.

1. Moran charges the trial court with error in permitting evidence of the independent crime. His argument is that there was an insufficient showing of similarity between it and the crime charged to

warrant its admission under *Williams v. State*.[1] This argument is without merit.

In *Reese v. State*,[2] we have recently recognized that there is no inconsistency between *Williams* and the subsequent holding in cases such as *Kirkland v. State*[3] and *McCullough v. State*[4] that, unlike other crimes which can be committed under varying factual circumstances, the crime of driving under the influence is essentially committed under the same factual circumstances; that although the type of vehicle driven or the degree or source of intoxication may vary, the simple act of driving while under the influence establishes the commission of that crime; and that a prior act of driving while having that status or while in that condition is, regardless of any slight variance of circumstances, relevant to prove bent of mind or course of conduct.

Moreover, it is undisputed that in this case, both the independent offense and the crime charged involved Moran driving the same car in Chatham County at night while emanating an odor of alcohol and having a blood alcohol content above 0.10. The trial court did not abuse its discretion in admitting evidence of the other crime.[5]

2. Moran contends that the trial court erred in failing to grant a mistrial, sua sponte, when evidence of the punishment imposed for the similar transaction was introduced. Because no objection was made to this evidence contemporaneous with its admission, the issue has been waived.[6]

3. Moran contends that the trial court erred in failing to give the jury sua sponte limiting instructions when the State introduced the similar transaction evidence.

When Moran's case was tried, there was a split of authority in this court on the question of whether such instructions are required absent a request.[7] In *State v. Belt*,[8] our Supreme Court later granted certiorari and held that such instructions are not required unless there is a request for them. *Belt* therefore controls Moran's contention adversely to him. Moreover, as held in cases such as *Hensel Phelps Constr. Co. v. Johnson*,[9] on appeal we apply the law as it exists at the time of appeal rather than the law prevailing at the rendition

---

[1] 261 Ga. 640, 641 (2) (409 SE2d 649) (1991).

[2] 252 Ga. App. 650, 652 (2) (556 SE2d 150) (2001).

[3] 206 Ga. App. 27, 28 (3) (424 SE2d 638) (1992).

[4] 230 Ga. App. 98, 100 (1) (495 SE2d 338) (1998).

[5] See generally *Brooks v. State*, 230 Ga. App. 846 (1) (498 SE2d 139) (1998).

[6] See *Butler v. State*, 273 Ga. 380, 382 (5) (541 SE2d 653) (2001).

[7] See *State v. Belt*, 269 Ga. 763, 764, n. 1 (505 SE2d 1) (1998).

[8] Id.

[9] 161 Ga. App. 631 (295 SE2d 843) (1982), rev'd on other grounds, *Johnson v. Hensel Phelps Constr. Co.*, 250 Ga. 83 (295 SE2d 841) (1982).

of the judgment under review, where the law has been changed in the meantime and where no vested right will be impaired. There is no merit whatsoever in Moran's argument that he had a right to rely on those Court of Appeals' decisions holding that a trial court was required to give limiting instructions even in the absence of a request. Moran is basically arguing that he had a right to remain silent concerning what he believed to be an error and to complain later if the verdict proved unfavorable. There is, of course, no such right.[10]

4. Moran challenges the admissibility of the Intoxilyzer test results on the ground that the State failed to show a justifiable reason for the underlying traffic stop.

OCGA § 40-8-76.1 (b) provides that "[e]ach occupant of the front seat of a passenger vehicle shall, while such passenger vehicle is being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208." In *Davis v. State*,[11] we rejected the argument that because the federal safety standard does not mandate the use of shoulder strap safety belts, a person's failure to use one does not support probable cause that he was violating the above statute. Moran argues that, notwithstanding *Davis,* his failure to use a shoulder strap safety belt did not support probable cause for his traffic stop, because the arresting officer knew that he was driving a 1970 Dodge Challenger which, according to Moran, is not equipped with shoulder strap safety belts. But when asked whether a 1970 Dodge has shoulder strap safety belts, the officer responded that he did not know. And no evidence that 1970 Dodge Challengers lack shoulder strap safety belts was introduced. We thus conclude that under *Davis*, the officer's stop of Moran's car was proper. There is no merit in Moran's argument that the stop was pretextual. "Where the officer observes the violation of a traffic law, the resulting stop is not pretextual."[12]

5. Moran complains that the trial court gave the State multiple opportunities to admit the results of an alco-sensor test even though no proper foundation was ever laid. Because the results of the test were never admitted, Moran has no cause for complaint.

6. Moran contends that the trial court erred in sustaining the State's objection when defense counsel asked the arresting officer on cross-examination whether Moran might have been weaving because he was looking for the driveway into the Hardee's restaurant. The

---

[10] See, e.g., *Mullins v. State*, 241 Ga. App. 553, 554-555 (1) (525 SE2d 770) (1999).

[11] 232 Ga. App. 320 (1) (501 SE2d 836) (1998).

[12] *State v. Bute*, 250 Ga. App. 479, 482 (552 SE2d 465) (2001), citing *Whren v. United States*, 517 U. S. 806, 810 (116 SC 1769, 135 LE2d 89) (1996).

court sustained the objection on the ground that the question called for speculative testimony. We find no harm to the defense, because counsel was then allowed to elicit testimony from the officer establishing facts through which the jurors could decide for themselves whether Moran's weaving may have been related to attempts to locate the driveway for the restaurant.

7. Moran complains of the trial court's refusal to give his requested jury charge on the weight it should accord breathalyzer test results. The charge given by the court on this subject was that approved in *Haynes v. State*.[13] We find no error.

8. Moran complains of the trial court's refusal to give his requested charge, under the authority of *Anderson v. State*,[14] that to convict a defendant of the offense of driving under the influence of alcohol to the extent that it is less safe to drive, the driver must be so affected by the alcohol that it adversely affected his operation of the motor vehicle.

Although the Court in *Anderson* did make such a statement, it was dicta. The jury charge actually approved in that case was that, to be guilty of driving under the influence of alcohol, the driver must be under the influence of alcohol to the extent that he is a less efficient driver than he would be if he had used no alcohol. Moreover, *Anderson* was decided under the 1968 version of our DUI statute. Under the present version, it has been held that "OCGA § 40-6-391 (a) (1) makes it unlawful for a person to drive or be in actual physical control of any moving vehicle while under the influence of alcohol to the extent that it is less safe for the person to drive. There is no requirement that the person actually commit an unsafe act. [Cits.]"[15] For these reasons, we find no error in the court's refusal to give Moran's requested charge.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 30, 2002.

*Ray C. Smith*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.

---

[13] 244 Ga. App. 79, 81 (534 SE2d 807) (2000).
[14] 226 Ga. 35, 37 (3) (172 SE2d 424) (1970).
[15] *Lanier v. State*, 237 Ga. App. 875, 876 (3) (517 SE2d 106) (1999).