A98A0527. DAVIS v. THE STATE.

(501 SE2d 836)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and convicted of two counts of violating Georgia's Controlled Substances Act by possessing Lorazepam and possessing marijuana. Defendant was also convicted of driving under the influence of alcohol and driving without proof of insurance. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant contends the trial court erred in denying his motion in limine and motion to suppress, arguing that the evidence support-

ing his convictions was obtained as a result of an unlawful traffic stop.

Officer Richard Penson of the Rome City Police Department testified that he stopped defendant's car because he noticed that defendant was not wearing the shoulder strap safety belt that was visibly provided in the car defendant was operating. OCGA § 40-8-76.1 (b) provides that "[e]ach occupant of the front seat of a passenger vehicle shall, while such passenger vehicle is being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208." Because this safety standard does not necessarily require shoulder strap safety belts, defendant argues that Officer Penson's observation regarding defendant's failure to use his car's shoulder strap safety belt does not support probable cause that defendant was violating OCGA § 40-8-76.1 (b). We do not agree.

Although Federal Motor Vehicle Safety Standard 208 may not require shoulder strap safety belts, it is undisputed that shoulder strap safety belts are an option under this federal regulation and that defendant's car was so equipped. Thus, Officer Penson's observation that defendant was not wearing his car's shoulder strap safety belt supports probable cause for stopping defendant for violating OCGA § 40-8-76.1 (b). Defendant, nonetheless, argues that Officer Penson used this minor infraction as an unlawful pretext under OCGA § 40-8-76.1 (f) for stopping and harassing defendant. This Code subsection provides that "probable cause for violation of [OCGA § 40-8-76.1 (b)] shall be based solely upon a law enforcement officer's clear and unobstructed view of a person not restrained as required by this Code section. Noncompliance with the restraint requirements of this Code section shall not constitute probable cause for violation of any other Code section." OCGA § 40-8-76.1 (f).

"When a police officer makes a traffic stop based on his having a clear view of the occupants of the front seat of a vehicle not wearing their seat belts, he is in the same situation as a police officer making a stop pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), except that the initial stop is based on probable cause, not just a reasonable and articulable suspicion that an individual is, or is about to be, engaged in criminal activity. While the probable cause for the initial stop *cannot* itself be used as probable cause for arrests based on violations of other Code sections, once a stop for a seat belt violation is made, the language of OCGA § 40-8-76.1 does not preclude an officer from conducting a reasonable inquiry and investigation to insure both his safety and that of others. See *Terry v. Ohio*, supra at 20-27; *State v. Armstrong*, 223 Ga. App. 350 (477 SE2d 635) (1996). Clearly, the additional language of this Code section pertaining to probable cause was added for the purpose of prohibiting a

search of a person or a vehicle based solely on the failure of an occupant of the front seat to wear a seat belt. However, the language was not intended to prevent an officer from making an arrest on additional offenses based upon separate probable cause ascertained through a reasonable inquiry and investigation following the initial stop. Obviously, an officer need not ignore the smell of alcohol emanating from the driver of a vehicle simply because the initial stop of the vehicle was for a seat belt violation." *Temples v. State*, 228 Ga. App. 228, 230 (491 SE2d 444).

In the case sub judice, Officer Penson testified that, after asking defendant for his driver's license and proof of insurance, he detected an odor of alcohol about defendant's "person and inside of the car." Officer Penson also testified that, instead of producing a driver's license, defendant gave him an identification card indicating that defendant was an employee of a local law enforcement agency. Officer Penson testified that, after instructing defendant that he "still needed to see his driver's license and insurance," defendant produced a valid driver's license but failed to produce proof of insurance. Officer Penson testified that he arrested defendant after defendant admitted consuming alcohol "earlier" that evening. This testimony authorizes the trial court's finding that Officer Penson's traffic stop was not arbitrary or harassing, in violation of OCGA § 40-8-76.1 (f). " 'An officer conducting a routine traffic stop may request and examine a driver's license and vehicle registration and run a computer check on the documents. See *United States v. Guzman*, 864 F2d 1512, 1519 (10th Cir. 1988). Accord *Florida v. Royer*, 460 U. S. 491, 501-502 (103 SC 1319, 75 LE2d 229) (1983) (airline ticket and driver's license).' *Rogers v. State*, 206 Ga. App. 654, 657 (2) (426 SE2d 209) (1992)." *Temples v. State*, 228 Ga. App. 228, 231, supra. Officer Penson's observations, after stopping defendant for violating OCGA § 40-8-76.1 (b), independently support probable cause for defendant's arrest. Accordingly, the trial court did not err in denying defendant's motion in limine and motion to suppress.

2. Defendant contends the trial court erred in admitting scientific reports and testimony indicating that a substance found in defendant's possession was marijuana. Defendant argues that this evidence should have been excluded at trial because the State waited until the first day of trial to have the suspected marijuana tested and, thus, avoided defendant's discovery request for any written scientific reports.

OCGA § 17-16-2 (a) requires a defendant to provide "written notice to the prosecuting attorney that such defendant elects to have [Georgia's Criminal Discovery provisions, OCGA § 17-16-1 et seq.,] apply to the defendant's case." Defendant did not provide such notice in the case sub judice. He, therefore, cannot complain that the State

waited until the first day of trial to have the suspected marijuana tested. *Wright v. State*, 226 Ga. App. 848, 849 (4) (487 SE2d 405). Under such circumstances, and in the absence of proof that the State's last-minute test of the suspected marijuana was designed to circumvent the discovery process, we find no basis for reversing defendant's convictions. *Wellborn v. State*, 258 Ga. 570, 571 (1) (372 SE2d 220).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 17, 1998.

*Barkley & Garner, Larry J. Barkley, James S. Garner III*, for appellant.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.