A01A2122. THE STATE v. McDUFF.
(555 SE2d 213)

ELDRIDGE, Judge.

Richard Scott McDuff was driving his pickup truck on Cobb Parkway with two minor children riding unrestrained in the open bed. Cobb County Police Officer Greg Bradford pulled McDuff over for a violation of OCGA § 40-8-76.1 (e) (3), failure to secure a minor with a safety belt in a passenger vehicle. Further investigation resulted in McDuff's arrest for DUI. Citations were issued for the seat belt violation and the DUI. The State Court of Cobb County granted McDuff's motion to suppress evidence, finding that while Officer Bradford was "extremely credible" and "acted in good faith," it is not a violation of the law for minor children to ride unrestrained in the open bed of a pickup truck on Cobb Parkway and, thus, there was no legal basis for the stop. The State appeals. Upon review, we reverse the judgment of the court below.

In granting McDuff's motion to suppress, the trial court relied upon language in *In the Interest of B. C. G.*, 235 Ga. App. 1 (508 SE2d 239) (1998), wherein the Court held that, "Since Georgia law allows minors to ride in such a manner [in the open bed of a pickup truck], so long as it is not on an interstate highway, there was no basis for

---

[19] See *Todd*, supra at 406-407.

Officer Borgen to believe that B. C. G. was in violation of any traffic law prior to the stop."[1] From this, the trial court reasoned that since Cobb Parkway is not an "interstate highway," it is not a violation of any traffic law for a minor to ride without a seat belt in the open bed of a pickup truck and, thus, such conduct did not provide a sufficient basis for a traffic stop. In addition, the trial court determined that OCGA § 40-8-79, precluding a minor from riding in an open pickup truck on an interstate, would be rendered "superfluous" if OCGA § 40-8-76.1 precluded a minor from riding unrestrained in the back of a pickup truck.

We cannot agree with the trial court's application of *B. C. G.* to the facts of the instant case. While the cited language appears broad, it should not be taken out of context. This Court reached its conclusion in *B. C. G.* through an examination of OCGA § 40-8-79 and through the officer's testimony that he based his stop on a violation of such statute. Seat belt safety laws were not at issue in *B. C. G.,* and a traffic violation under OCGA § 40-8-76.1 was neither raised nor considered therein. In the case before us now, at issue is the statutory construction of OCGA § 40-8-76.1.

1. The seat belt safety law, OCGA § 40-8-76.1, was enacted by Ga. L. 1988, p. 31, § 1, and requires that "Each occupant of the front seat of a passenger vehicle shall, while such passenger vehicle is being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208."[2] In subsection (a) of the statute, "passenger vehicle" was originally defined as "every motor vehicle designed to carry ten passengers or less and used for the transportation of persons but shall not mean motorcycles, motor driven cycles, vehicles mounted on a truck chassis, or vehicles equipped for off-road use."[3]

During the 1990 legislative session, the statute was amended specifically to *exclude* a pickup truck as a "passenger vehicle" under the seat belt safety law: it "shall not mean pickup trucks." And Code section 40-8-79 was enacted in order to make it unlawful for a minor "to ride as a passenger in the uncovered bed of a pickup truck on any interstate highway of this state."[4]

Then, in 1993, the General Assembly added a method by which the seat belt safety law could be violated:

Each minor over four years of age who is an occupant of a passenger vehicle shall, while such passenger vehicle is

---

[1] *In the Interest of B. C. G.,* supra at 5 (2).
[2] OCGA § 40-8-76.1 (b).
[3] See Ga. L. 1988, p. 32.
[4] Ga. L. 1990, p. 589, §§ 1, 2.

being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208. In any case where a minor passenger over four years of age fails to comply with the requirements of this paragraph, the driver of the passenger vehicle shall be guilty of the offense of failure to secure a seat safety belt on a minor and, upon conviction thereof, may be fined not more than $25.00. The court imposing such a fine shall forward a record of the court disposition of the case of failure to secure a seat safety belt on a minor to the Department of Motor Vehicle Safety.[5]

Thus, after the 1993 session, the driver of a passenger vehicle could be stopped and ticketed for the failure to require each minor passenger, regardless of where such minor is sitting in the vehicle, to wear a seat belt.

Finally, no doubt in response to the potential for injury as a result of increasingly heavy traffic moving at increasingly higher speeds on the surface roads of this state (as recognized by the trial judge in the instant case: "children in the back of a pickup truck is one of the most dangerous things that can happen"), OCGA § 40-8-76.1 was amended in order to, as the legislative headnote states, "provide that minors in pickup trucks shall be required to use seatbelts."[6] In doing so, subsection (a) defining "passenger vehicle" was again changed, this time specifically to *include* pickup trucks that contain minors: "the term 'passenger vehicle' includes any sport utility vehicle and also includes pickup trucks for any occupant who is under 18 years of age."[7] Thus, the driver of a passenger vehicle, which includes a pickup truck in which a minor is riding, can be stopped and ticketed for the failure to require a minor occupant to wear a seat belt.

We reject the argument that the "occupant" of a pickup truck means only those persons riding in the cab of the truck, which position is certainly safer than the open bed where an unrestrained child can be thrown out of the vehicle during the course of even a minor accident. In this regard, it is instructional that the legislature intended for the seat belt law as it relates to pickup trucks to apply only to those under 18, keeping it lawful for adult workers to still be transported in the open bed of a truck without restraining devices. However, the legislature made it clear that its intent was "that

---

[5] Ga. L. 1993, p. 517.
[6] Ga. L. 1994, p. 1005.
[7] Id.

minors in pickup trucks shall be required to use seatbelts."[8] The "cab" of a pickup truck was not specified, although it could have been. And indeed, it makes little sense for the seat belt law to apply only to children who ride in the cab, making it possible for a driver to avoid the law altogether by causing a child to ride in the more dangerous open bed of a pickup truck. To "occupy" a vehicle is to fill a space or place therein.[9] A child riding in the open bed of a pickup truck is no less an "occupant" of the vehicle than the child who is riding in the cab.

Also, OCGA § 40-8-76.1's seat belt requirement does not render as superfluous OCGA § 40-8-79's proscription against minors riding in an open pickup truck on an interstate. The first requires that minors be restrained in order to ride in an open bed of a pickup truck being operated on public roads, streets, and highways of this state. The second does not permit minors to ride in the open bed of a pickup truck on an interstate highway, *even if they are restrained*. This distinction has a sound basis in common sense because the realities of interstate highway travel, wherein speed limits are much higher than state roads and all too frequently ignored for even greater speeds, significantly increase the potential for injury in the open bed of a pickup truck regardless of whether a seat belt is worn.

Accordingly, we find that the trial court's conclusion that Georgia law permits a minor to ride unrestrained in the open bed of a pickup truck as long as the truck is not being operated on an interstate highway is error as a matter of law.

2. Here, the officer testified that he had a clear and unobstructed view of the children in the back of McDuff's pickup truck and that he did not see any restraining device being employed. Obviously, the officer could not see down into the bed of the truck in order to ascertain whether lap belts were being used, since the design of a pickup truck precludes such observation from the road. OCGA § 40-8-76.1 would be unenforceable if an officer was required to see down into the bed of a pickup truck before effectuating a stop to ensure that otherwise visibly unrestrained children in the back of a pickup are in fact in compliance with the law. Instead, the officer testified and the trial court apparently concurred that it is common knowledge the bed of a pickup truck is not generally equipped with lap belts. We find that the inability to see the employment of any restraining device, coupled with the common knowledge that seat belts are not standard equipment in the back of pickup trucks, provided a sufficient basis for a traffic stop to ensure compliance with OCGA § 40-8-76.1 (e) (3).[10] In this case, the trial court specifically found that the officer was credi-

---

[8] Id.
[9] See American Heritage Dictionary (3rd ed.), p. 944.
[10] *Davis v. State*, 232 Ga. App. 320 (501 SE2d 836) (1998).

ble and had a good faith basis for the stop. The court found only that the officer's basis for the stop was not a violation of the law. As discussed in Division 1, supra, this finding was error as a matter of law.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED OCTOBER 11, 2001 —
RECONSIDERATION DENIED OCTOBER 29, 2001 — ▮▮▮▮▮▮

*Barry E. Morgan, Solicitor-General, Keith S. Hasson, Anthony Volkodav, Jr., Assistant Solicitors-General*, for appellant.
*Brian D. Hardison*, for appellee.