## A09A2229. BLANKENSHIP v. THE STATE.
### (688 SE2d 395)

BLACKBURN, Presiding Judge.

Following a jury trial, Joseph Blankenship appeals his conviction for DUI (less safe)[1] and possession of marijuana.[2] He challenges the sufficiency of the evidence and argues that the trial court erred (i) in denying his motion to suppress, (ii) in denying his request to strike four jurors for cause, and (iii) in giving certain jury charges. Discerning no error, we affirm.

1. When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the evidence shows that on August 30, 2008, Blankenship, who was driving a vehicle with no passengers, was stopped at a duly-authorized police roadblock and asked for his driver's license and proof of insurance. When he handed these items to the officer, the officer smelled a strong odor of alcohol on Blankenship's breath and saw that Blankenship had watery, bloodshot eyes, which led the officer to ask if Blankenship had been drinking; Blankenship admitted that he had.

The officer asked Blankenship to exit the vehicle, and when Blankenship did, he was unsteady on his feet and had to lean against the vehicle to balance himself. After obtaining Blankenship's consent

---

[10] *Matthews,* supra at 514 (2).
[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 16-13-30 (j) (1).
[3] *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[4] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

YALE LAW LIBRARY

to undergo field sobriety tests, the officer conducted three such tests (HGN, walk and turn, one-leg stand), all of which Blankenship failed. The officer arrested Blankenship for DUI (less safe) and, after reading Blankenship the applicable implied consent notice found in OCGA § 40-5-67.1 (b), asked Blankenship if he would consent to a state-administered chemical test of his breath and blood; Blankenship declined. The officer then conducted an inventory search of Blankenship's vehicle, resulting in the discovery of marijuana in a small bottle in the center console of the vehicle.

Based on this evidence, a jury found Blankenship guilty of DUI (less safe) and possession of marijuana. He challenges the sufficiency of the evidence of each crime.

(a) *DUI (less safe)*. OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive. . . ." Here, the experienced officer, who was trained in administering field sobriety tests, opined that Blankenship was impaired to the extent it was less safe for him to drive based on the officer's observations that (i) a strong odor of alcohol exuded from Blankenship's breath, (ii) Blankenship had watery, bloodshot eyes, (iii) Blankenship admitted to drinking beer recently, (iv) Blankenship was unsteady on his feet when he exited the vehicle, and (v) Blankenship failed all three field sobriety tests administered by the officer. Moreover, after proper notice, Blankenship declined the officer's request for state-administered chemical tests of his blood and breath. See *Alewine v. State*[5] ("the refusal to submit to a blood alcohol test created an inference that the test would reveal the presence of a prohibited substance and bears directly on the issue of the sufficiency of the evidence") (punctuation omitted). See also OCGA § 40-5-67.1 (b) (2). This evidence sufficed to sustain the DUI conviction.

(b) *Possession of marijuana*. OCGA § 16-13-30 (j) (1) provides: "It is unlawful for any person to possess . . . marijuana." Here, the officer found marijuana in a small bottle in the center console of the vehicle Blankenship was driving alone. "Absent contrary evidence, the driver of an automobile is presumed to have possession and control of drugs found in the vehicle." (Punctuation omitted.) *Arellano v. State*.[6] Although Blankenship presented some evidence that others had earlier had access to the vehicle, "the jury must determine whether the equal access evidence sufficiently rebuts the presumption of possession." (Punctuation omitted.) Id. The jury

[5] *Alewine v. State*, 273 Ga. App. 629, 631 (1) (616 SE2d 472) (2005).
[6] *Arellano v. State*, 289 Ga. App. 148, 150 (1) (a) (656 SE2d 264) (2008).

here was properly instructed on this principle and found against Blankenship. The evidence sufficed to sustain the conviction. See *Bryson v. State*.[7]

2. Blankenship argues that the trial court erred in denying his motion to suppress (i) the evidence obtained after the officer asked him to exit the vehicle and to undergo the field sobriety tests, and (ii) the contraband evidence found in the inventory search of the vehicle. As to the first set of evidence, he claims that the officer had no reasonable articulable suspicion to conduct a DUI investigation. As to the evidence found in the inventory search after his arrest, he claims that the officer lacked probable cause to place him under arrest. Both of these claims fail.

> When reviewing a trial court's ruling on a motion to suppress, we apply the "any evidence" standard, which means that we sustain all of the trial court's findings of fact that are supported by any evidence. We construe all evidence presented in favor of the trial court's findings and judgment.

(Punctuation omitted.) *Warner v. State*.[8] Because Blankenship intensely cross-examined the officer and challenged his credibility, we do not apply a de novo standard of review, which applies only where the facts are undisputed. See *State v. Starks*.[9]

(a) *Reasonable, articulable suspicion to conduct the DUI investigation.* Before the officer asked Blankenship to exit the vehicle so as to conduct a DUI investigation (including field sobriety tests), the officer had smelled a strong odor of alcohol on Blankenship's breath and had observed Blankenship's watery, bloodshot eyes. "The alcoholic smell provided the officer reasonable grounds to conduct a second-tier investigatory detention." *Whitmore v. State*.[10] See *Peterson v. State*[11] (alcoholic smell alone gave police "sufficiently reasonable and articulable suspicion to administer field sobriety . . . tests"); *McClain v. State*[12] (same).

(b) *Probable cause to arrest Blankenship for DUI.* At the time the officer arrested Blankenship for DUI (less safe), the officer had observed that (i) a strong odor of alcohol exuded from Blankenship's breath, (ii) Blankenship had watery, bloodshot eyes, (iii) Blankenship

---

[7] *Bryson v. State*, 293 Ga. App. 392, 394-395 (2) (667 SE2d 170) (2008).

[8] *Warner v. State*, 299 Ga. App. 56, 58 (1) (681 SE2d 624) (2009).

[9] *State v. Starks*, 281 Ga. App. 15, 15 (635 SE2d 327) (2006).

[10] *Whitmore v. State*, 289 Ga. App. 107, 109 (657 SE2d 1) (2008).

[11] *Peterson v. State*, 294 Ga. App. 128, 130 (1) (668 SE2d 544) (2008).

[12] *McClain v. State*, 226 Ga. App. 714, 718 (1) (487 SE2d 471) (1997).

admitted to drinking beer recently, (iv) Blankenship was unsteady on his feet when he exited the vehicle, and (v) Blankenship failed all three field sobriety tests administered by the officer. "There is no question that [Blankenship]'s arrest was supported by probable cause." *Monahan v. State*.[13] See *Sultan v. State*.[14]

Some evidence supported the trial court's findings underlying its denial of both aspects of Blankenship's motion to suppress. The court did not err.

3. Blankenship contends that the trial court erred in denying his challenges to strike four jurors for cause. Each of these four jurors, in response to questions from Blankenship, had indicated that he or she felt that a defendant should testify in order to prove his innocence. In light of the rehabilitation of each of these jurors, we hold that the trial court did not abuse its discretion in denying the challenges for cause.

> Whether to strike a juror for cause lies within the sound discretion of the trial court, and a trial court is not obligated to strike a juror for cause in every instance where the potential juror expresses doubts about his or her impartiality or reservations about his or her ability to set aside personal experiences. The trial judge is uniquely positioned to observe a potential juror's demeanor and thereby to evaluate his or her capacity to render an impartial verdict.

(Citations and punctuation omitted.) *Wilson v. State*.[15] Unless the evidence shows that the juror has formed an opinion on the guilt or innocence of the defendant that is so fixed and definite that he or she would be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence, the court or a party may rehabilitate the juror to show that he or she is willing to decide the case based on proper considerations. *Ros v. State*.[16] See *Wilson*, supra, 271 Ga. at 816 (5) (a) ("[t]he record reveals no evidence [the juror] had formed an opinion so fixed and definite that it would not be changed by the evidence or the charge of the court"); *Daniel v. State*[17] (same).

Here, no evidence showed that the jurors in question had formed a fixed or definite opinion regarding the guilt or innocence of

---

[13] *Monahan v. State*, 292 Ga. App. 655, 660 (2) (665 SE2d 387) (2008).

[14] *Sultan v. State*, 289 Ga. App. 405, 408-409 (2) (657 SE2d 311) (2008).

[15] *Wilson v. State*, 271 Ga. 811, 815-816 (5) (a) (525 SE2d 339) (1999), overruled on other grounds, *O'Kelley v. State*, 284 Ga. 758, 768 (3) (670 SE2d 388) (2008).

[16] *Ros v. State*, 279 Ga. 604, 606 (4) (619 SE2d 644) (2005).

[17] *Daniel v. State*, 296 Ga. App. 513, 522 (6) (675 SE2d 472) (2009).

Blankenship. With regard to their responses that Blankenship should testify to be acquitted, the prosecutor immediately informed them that to be acquitted, the defendant bore no such obligation, and each of the jurors indicated that he or she would be able to put aside what he or she felt and would follow the law. Each further indicated to the court that he or she could listen to the evidence and find Blankenship not guilty regardless of whether or not Blankenship testified or presented any evidence. We hold that the trial court did not abuse its discretion in denying Blankenship's challenges for cause as to each of these jurors. See *Dixon v. State*.[18]

4. Blankenship argues that the trial court erred in giving certain instructions to the jury. Yet after the jury was charged, Blankenship specifically stated that he had no objections to the charge. OCGA § 17-8-58 (b)[19] precludes appellate review of challenges to the jury charge where the criminal defendant has failed to object in accordance with subsection (a) of that statute, which requires a defendant to inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. *Metz v. State*.[20] Accordingly, Blankenship has waived any claims of error about the charge to the jury. See *Johnson v. State*.[21]

Although OCGA § 17-8-58 (b) does allow a criminal defendant to nevertheless challenge on appeal an unobjected-to charge that is "plain error which affects substantial rights of the parties," none of the charges challenged here falls into such category, nor does Blankenship argue that any does. Indeed, excepting one, Blankenship *requested these very charges* in his requests to charge submitted to the court. "[T]he act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as error on appeal," *Fielding v. State*[22] (punctuation omitted), even if the alleged instruction was plain error. See *Courrier v. State*.[23]

With regard to the one instruction not specifically requested by Blankenship, that instruction informed the jury that, in its discretion, it could infer from Blankenship's refusal to submit to state-administered chemical tests of his blood and breath that Blankenship would have tested positive for alcohol. As discussed earlier, OCGA § 40-5-67.1 (b) (2) authorizes such an instruction. See *Alewine*, supra, 273 Ga. App. at 631 (1). There was certainly no

---

[18] *Dixon v. State*, 285 Ga. 312, 316-317 (3) (677 SE2d 76) (2009).

[19] The trial of this case occurred in January 2009. Thus, this issue is controlled by OCGA § 17-8-58, which became effective July 1, 2007. Ga. L. 2007, p. 595, §§ 1, 5.

[20] *Metz v. State*, 284 Ga. 614, 619-620 (5) (669 SE2d 121) (2008).

[21] *Johnson v. State*, 293 Ga. App. 294, 296 (2) (666 SE2d 635) (2008).

[22] *Fielding v. State*, 299 Ga. App. 341, 343-344 (2) (682 SE2d 675) (2009).

[23] *Courrier v. State*, 270 Ga. App. 622, 625-626 (2) (607 SE2d 221) (2004).

"plain error" here that would justify overlooking Blankenship's waiver of his objections to the jury charge.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 14, 2009.

*E. Suzanne Whitaker*, for appellant.

*Charles A. Spahos, Solicitor-General, Holly W. Veal, Assistant Solicitor-General*, for appellee.