A10A0520. DAVIS v. THE STATE.
(690 SE2d 464)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, Russell Anthony Davis appeals his conviction for possessing cocaine[1] and for driving while cocaine was in his blood.[2] His sole enumeration of error is that the trial court erred in denying his motion to suppress the cocaine found in his pants pocket during a pat-down of his person. We agree with the trial court that under the inevitable discovery doctrine, the cocaine would have been found once Davis was arrested for DUI (which offense the officer was investigating at the time of the pat-down), and we therefore affirm.

When reviewing a trial court's ruling on a motion to suppress, we apply the "any evidence" standard, which

---

[1] OCGA § 16-13-30 (a).
[2] OCGA § 40-6-391 (a) (6).

means that we sustain all of the trial court's findings of fact that are supported by any evidence. We construe all evidence presented in favor of the trial court's findings and judgment.

(Punctuation omitted.) *Blankenship v. State*.[3] Because Davis intensely cross-examined the officer and challenged his credibility, we do not apply a de novo standard of review, which applies only where the facts are undisputed. Id. See *State v. Starks*.[4]

So construed, the evidence shows that while driving a vehicle on July 9, 2008, Davis approached a police roadblock designed to check for sobriety and driver's licenses. Although there were no vehicles in front of Davis, he inexplicably stopped 20 feet in front of the roadblock and began moving erratically in his car. When Davis finally pulled up to the roadblock, an officer spoke to him through the driver's window and asked for Davis's license and proof of insurance. The officer immediately smelled burnt marijuana emanating from the vehicle and noted that Davis's eyes were "very, very dilated," which indicated to the officer that Davis was under the influence of drugs. After Davis could not produce his license or proof of insurance, the officer had him pull his vehicle over to the side and asked him to exit the vehicle.

Upon exiting the vehicle, Davis appeared extremely nervous, would not fully answer the officer's questions, and kept putting his hands in his pockets despite orders from the officer to cease doing so. For safety reasons, the officer performed a *Terry* pat-down, during which he felt a small bag of powder in Davis's pocket. The officer removed the bag from Davis's pocket and identified it as suspected cocaine.

The officer continued with his DUI investigation by asking Davis to undergo field sobriety tests, to which Davis consented. In addition to observing Davis's bloodshot and glassy eyes, the officer noted that Davis failed the walk-and-turn test by using his arms for balance, starting before being told to do so, performing the turn incorrectly, missing several steps, and stepping off the line. This indicated to the experienced officer that Davis was under the influence of drugs. During the balance test, Davis not only estimated the passage of time wrongly, but the officer observed Davis's carotid artery pulsating through his skin, heavy tremors in Davis's eyelids, and an accelerated heart rate in Davis, all of which indicated Davis was under the influence of drugs. The officer arrested Davis for DUI and, after reading Davis the requisite implied consent notice, obtained Davis's

YALE LAW LIBRARY

---

[3] *Blankenship v. State*, 301 Ga. App. 602, 604 (2) (688 SE2d 395) (2009).
[4] *State v. Starks*, 281 Ga. App. 15, 15 (635 SE2d 327) (2006).

consent for a blood test, which showed the presence of cocaine in Davis's blood. Another lab test confirmed that the powder in the bag found during the pat-down was cocaine.

Charged with possession of cocaine, driving while cocaine was in his blood, and DUI (less safe),[5] Davis moved to suppress the cocaine found on his person, arguing that the officer improperly removed that bag from his pocket. Denying the motion, the court held that although the officer acted wrongly in removing the bag during the pat-down, the bag would have been found once Davis was arrested for DUI and therefore was admissible under the inevitable discovery doctrine. A stipulated bench trial resulted in Davis's acquittal on the DUI (less safe) charge and in his conviction on the remaining charges, giving rise to this appeal.

We agree with the trial court that under the inevitable discovery doctrine, the motion to suppress was properly denied.

> Under the inevitable discovery doctrine, if the State can prove by a preponderance of the evidence that evidence derived from police error or illegality would have been ultimately or inevitably discovered by lawful means, then the evidence is not suppressed as fruit of the poisonous tree.

*Taylor v. State*.[6] The elements of this doctrine require that

> there must be a reasonable probability that the evidence in question would have been discovered by lawful means, and the prosecution must demonstrate that the lawful means which made discovery inevitable were possessed by the police and were being actively pursued prior to the occurrence of the illegal conduct.

(Punctuation omitted.) Id. at 274-275 (3). See *Teal v. State*.[7]

Evidence supported the trial court's finding that these elements were present here. Before the officer removed the cocaine from Davis's pocket, the officer was actively pursuing a DUI investigation based upon Davis's suspicious behavior as he approached the roadblock and interacted with the officer, the smell of marijuana emanating from Davis's vehicle, and Davis's dilated eyes. During that investigation, Davis's poor performance on the field sobriety tests and his physical manifestations of drug influence gave the officer

---

[5] OCGA § 40-6-391 (a) (2).

[6] *Taylor v. State*, 274 Ga. 269, 274 (3) (553 SE2d 598) (2001).

[7] *Teal v. State*, 282 Ga. 319, 325 (2) (647 SE2d 15) (2007).

probable cause to arrest Davis for DUI. See *Gearin v. State of Ga.*[8] "A lawful search of [Davis's] person would have been performed incident to his arrest." Id. Because "[s]uch a search inevitably would have revealed" the cocaine, the trial court did not err in denying the motion to suppress. Id.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

### DECIDED JANUARY 27, 2010.

*David R. Serwitz*, for appellant.
*Tommy K. Floyd, District Attorney, Thomas L. Williams, Assistant District Attorney*, for appellee.

