A10A1332. CLARK v. THE STATE.
(700 SE2d 682)

BARNES, Presiding Judge.

Following a traffic stop, Aubrey Clark was cited for driving under the influence of alcohol and violating the seat belt requirements in OCGA § 40-8-76.1. The case proceeded to trial on three counts: driving with an unlawful alcohol concentration, driving under the influence to the extent it was less safe to drive, and failure to wear a seat belt. Although the trial court directed a verdict of acquittal as to the less safe offense, the jury found Clark guilty of driving with an unlawful alcohol concentration and not guilty of the seat belt violation. Clark appeals, challenging the denial of his motion to suppress. He also argues that the trial court improperly restricted cross-examination at trial. For the reasons that follow, we affirm.

1. On appeal from the denial of a motion to suppress, we view the evidence in the light most favorable to the trial court's judgment. See *Fernandez v. State*, 275 Ga. App. 151, 157 (3) (b) (619 SE2d 821) (2005). The trial court sits as the trier of fact, and we will uphold its factual findings if they are supported by any evidence. Id.

So viewed, the evidence shows that at approximately 4:00 a.m. on October 7, 2007, a DeKalb County police officer noticed Clark driving behind her on a four-lane roadway. Because Clark was having difficulty maintaining his lane, the officer became suspicious that he might be intoxicated. She slowed down, allowing Clark to pass her so that she could observe his driving. As Clark passed, the officer saw

YALE LAW LIBRARY

his seat belt "hanging down the side" and apparently not in use, in violation of OCGA § 40-8-76.1.

The officer stopped Clark to investigate the possible seat belt violation and discovered that he was wearing only the lap portion of his belt. The shoulder harness, however, was stretched "all the way out" and pushed to the side so that it was not restraining his chest. The officer also noticed that Clark's speech was slurred, he smelled of alcohol, his eyes were bloodshot, and he fumbled while retrieving his driver's license from his wallet. The officer asked Clark where he had been, and he admitted that he was on his way home from a bar, where he had been drinking. Suspecting Clark was intoxicated, the officer asked him to take several field sobriety tests. Clark agreed, staggering as he left his car. The officer administered three field sobriety evaluations, during which Clark exhibited numerous "clues" consistent with alcohol impairment. A subsequent chemical test of Clark's breath revealed a blood alcohol concentration of 0.106.

Before trial, Clark moved to suppress all evidence against him, arguing that the traffic stop was improper and that the officer lacked probable cause to arrest him for driving under the influence. The trial court denied the motion. We find no error.

Based on her observations of Clark and his seat belt as he passed her vehicle, the officer concluded that Clark was not wearing his safety belt. A seat belt violation — including a motorist's failure to use a shoulder strap — is a proper basis for a traffic stop. See *Fernandez*, supra at 157 (3) (b) (i); *Moran v. State*, 257 Ga. App. 236, 238 (4) (570 SE2d 673) (2002); *Davis v. State*, 232 Ga. App. 320, 321 (1) (501 SE2d 836) (1998); see also OCGA § 40-8-76.1 (e) (2) (person who violates seat belt regulations "shall be guilty of the offense of failure to wear a seat safety belt"). As we have explained, a law enforcement officer may effect a stop if she "has a clear and unobstructed view of a person not restrained as required by OCGA § 40-8-76.1 (b)." *Bell v. State*, 248 Ga. App. 254, 256 (546 SE2d 34) (2001). Although Clark now argues that the officer did not have a clear view of him as he passed her patrol car, the trial court found otherwise, and some evidence supports that finding.

The initial traffic stop, therefore, was authorized.[1] See *Davis*, supra, 232 Ga. App. at 321 (1) (officer's observation that defendant was not wearing shoulder belt supported traffic stop). Moreover, given Clark's admitted alcohol use that night, the smell of alcohol about him, and his blood-shot eyes, the officer had reasonable, articulable suspicion to continue the detention and conduct field

---

[1] We note that Clark's acquittal of the seat belt violation does not affect "whether the traffic stop was lawful." *Steinberg v. State*, 286 Ga. App. 417, 419 (1) (650 SE2d 268) (2007).

sobriety evaluations. See *Blankenship v. State*, 301 Ga. App. 602, 604 (2) (b) (688 SE2d 395) (2009); *Disharoon v. State*, 263 Ga. App. 787, 790-791 (1) (589 SE2d 339) (2003). Clark's performance on those evaluations, as well as his appearance, slurred speech, and unsteadiness on his feet, provided further probable cause for his arrest. *Blankenship*, supra at 604-605 (2) (b); *Disharoon*, supra at 791. It follows that the trial court properly denied the motion to suppress.

2. Clark also argues that the trial court erred in restricting his cross-examination of the arresting officer. The indictment against Clark initially included a charge for failure to maintain lane, and the officer testified at the suppression hearing that she first noticed Clark because of this failure. Before trial, however, the State entered a nolle prosequi as to the lane violation. It then moved in limine to preclude Clark from questioning the officer about the violation at trial. Clark objected, arguing that he was entitled to introduce evidence of the officer's "prior inconsistent statements" regarding the violation, particularly her failure to mention it at a previous administrative hearing. Concluding that the lane violation was irrelevant following the nolle prosequi, the trial court overruled Clark's objection and granted the motion in limine.

Although Clark had the right to a thorough and sifting cross-examination of any witness called against him, OCGA § 24-9-64, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused. *Stevens v. State*, 213 Ga. App. 293, 294 (2) (444 SE2d 840) (1994). We find no manifest abuse of discretion here.

Arguably, the lane violation was relevant to whether Clark was under the influence of alcohol to the extent he was less safe to drive. But the trial court directed a verdict of acquittal as to this charge when the State offered no proof of less safe driving. Exclusion of the lane violation evidence was not only harmless with respect to this charge, it likely inured to Clark's benefit.

As to the remaining charges, the jury was asked to determine whether Clark had driven with an unlawful alcohol concentration and without his seat belt. The lane violation was not at issue. Although Clark sought to impeach the officer with her prior lane violation testimony, " 'a witness may not be impeached based upon a discrepancy relating to a wholly immaterial matter.' " *Smith v. State*, 283 Ga. 237, 241 (5) (657 SE2d 523) (2008). Given the nolle prosequi, the trial court did not err in excluding this testimony as irrelevant. Id.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn and Senior Appellate Judge Marion T. Pope, Jr., concur.*

702

DECIDED AUGUST 26, 2010.

*Kenneth J. Rajotte*, for appellant.

*Robert D. James, Jr., Solicitor-General, Desiree Laster-Hayes, Assistant Solicitor-General*, for appellee.