**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 23, 2012**

# In the Court of Appeals of Georgia

A12A1297. DAVIS v. THE STATE.

RAY, Judge.

Following a bench trial, Frank Parks Davis was convicted of one count of felony possession of marijuana.[1] He appeals from his judgment of conviction, asserting that the trial court erred in denying his motion to suppress, that the trial court erred in admitting similar transaction evidence, and that the State failed to adduce sufficient evidence at trial to support his conviction of more than one ounce of marijuana. We see no error and affirm.

1. Davis first contends that the trial court erred in denying his motion to suppress, arguing that the evidence supporting his conviction was obtained as a result

---

[1] OCGA § 16-13-30 (j); *Gaudlock v. State*, 310 Ga. App. 149, 150 (1) (713 SE2d 399) (2011).

of an unlawful traffic stop and that the traffic stop was impermissibly prolonged. We disagree.

When reviewing the denial of a motion to suppress, three rules apply:

First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. Because there was testimonial evidence in this case, we do not apply a de novo standard of review.[2]

The evidence adduced at the motion to suppress hearing and at trial[3] shows that Office Sam Starling with the Fort Gaines Police Department was driving his patrol car on South Washington Street when he saw Davis drive by and noticed that he was not wearing his seat belt. Officer Starling initiated a traffic stop, and upon

---

[2] (Footnote and emphasis omitted.) *Ware v. State*, 309 Ga. App. 426 (710 SE2d 627) (2011).

[3] In reviewing a trial court's decision on a motion to suppress, we consider all relevant evidence of record, including evidence introduced at the motion hearing and at trial. See *Pittman v. State*, 286 Ga. App. 415, 416 (2) (650 SE2d 302) (2007).

2

approaching Davis' car, he asked Davis for his drivers' license and insurance information. As he did so, he noticed that Davis, in fact, was wearing a seat belt, but had tucked the shoulder strap under his arm. He also observed that, as Davis was searching for his drivers' license, he was attempting to use his foot to attempt to push a clear plastic bag under the seat. Officer Starling then asked Davis to step out of the vehicle, and he retrieved the bag. Davis then remarked that he was on parole and asked Officer Starling to "help him out" since it was only a "little bit of marijuana" and he had just gotten out of prison. Davis had $1,668 on his person. At trial, the parties stipulated that the recovered substance was marijuana and that it weighed 29.3 grams.

Davis' argument that the State failed to show a justifiable reason for the underlying traffic stop lacks merit. First of all, OCGA § 40-8-76.1 (b) provides that "[e]ach occupant of the front seat of a passenger vehicle shall, while such passenger vehicle is being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208." Davis argues that because the federal safety standard does not mandate the use of shoulder strap safety belts, his failure to properly use his belt did not provide a

valid basis to conduct a traffic stop. However, we considered and rejected this

argument in *Davis v. State*,[4] finding that

> [a]lthough Federal Motor Vehicle Safety Standard 208 may not require shoulder strap safety belts, it is undisputed that shoulder strap safety belts are an option under this federal regulation and that defendant's car was so equipped. Thus, [the officer's] observation that defendant was not wearing his car's shoulder strap safety belt supports probable cause for stopping defendant for violating O.C.G.A § 40-8-76.1 (b).[5]

Further, it is well-settled that a law enforcement officer may initiate a traffic stop if

he has a "clear and unobstructed view of a person not restrained as required by

[OCGA § 40-8-76.1 (b)]."[6]

In the present case, Officer Starling testified that he had a "clear and

unobstructed view" of Davis whom he observed to be not wearing a seat belt. The

fact that Officer Starling eventually got close enough to see that Davis was wearing

---

[4] 232 Ga. App. 320, 321 (1) (501 SE2d 836) (1998).

[5] Id.

[6] (Citation and punctuation omitted.) Id.; OCGA § 40-8-76.1 (f).

4

a portion of his seat belt does not change the fact that the stop was based on probable cause.[7]

Similarly, Davis's argument that the traffic stop was impermissibly prolonged when the officer failed to walk away immediately after noticing that the shoulder strap safety belt was tucked under Davis's arm is without merit. This is so because once a legal stop is made, an officer "may request and examine a driver's license and vehicle registration and run a computer check on the documents."[8] Such a routine inquiry does not impermissibly prolong the traffic stop.[9] Officer Starling's testimony is clear that he noticed Davis attempting to hide the marijuana at essentially the same time he noticed that Davis had the shoulder strap safety belt under his arm and as Davis was complying with the officer's request for driver's license and proof of insurance. Thus, we find that the initial stop, as well as the brief detention, was authorized.

---

[7] *Davis*, supra at 321-322 (1); Accord *Clark v. State*, 305 Ga. App. 699, 700 (1) (700 SE2d 682) (2010) ("A seat belt violation - including a motorist's failure to use a shoulder strap - is a proper basis for a traffic stop") (citations omitted).

[8] (Citations and punctuation omitted.) *Davis v. State*, supra at 322 (1); *Rogers v. State*, 206 Ga. App. 654, 657 (2) (426 SE2d 209) (1992).

[9] *Davis*, supra; *Rogers*, supra.

5

2. Davis contends that the trial court erred in admitting similar transaction evidence regarding Davis' prior convictions for manufacturing marijuana because the evidence was insufficiently "similar" to the incident for which Davis was on trial. We disagree.

The trial court here admitted evidence of two previous convictions for manufacturing marijuana, both stemming from searches on Davis' property, for the purpose of showing intent, bent of mind, and modus operandi. Evidence presented by the State showed that aerial surveillance led to discovery of marijuana plants on Davis' property on June 3, 2009. Believing that the marijuana plants had been transplanted, law enforcement officers obtained a search warrant for Davis' property where they located 300 marijuana plants growing outside, a few pounds of "bagged up" marijuana, guns, marijuana seeds, scales, "High Times" and "Skunk" magazines, and manuals for growing hydroponic indoor plants. As the investigator carried evidence from Davis' residence, he noticed Davis drive by in his truck. The investigator stopped Davis and inside the truck he discovered ten pounds of marijuana bagged up in clear one gallon ziploc bags and $650 in Davis' pocket. Certified copies of Davis' convictions for manufacturing marijuana were admitted at trial.

6

Contrary to Davis' contentions, the trial court did not err in admitting evidence of these prior similar convictions. Evidence of an independent offense or act may be admitted into evidence if the State satisfactorily makes three affirmative showings: (1) that it is seeking to introduce the evidence for a permissible purpose; (2) that there is sufficient evidence that the accused committed the independent offense or act; and (3) that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[10] Davis claims that the State did not make the third affirmative showing -- that there was a sufficient connection between the independent act and the charged offense -- because the evidence in the prior convictions supported an inference that he sold marijuana and the facts in the present case, he argues, supported an inference that he intended to use the marijuana himself. However, "the independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them."[11] Further, when, as here, the State is entering similar transaction evidence to prove bent of mind or intent,

---

[10] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.1 (B); *Williamson v. State*, 300 Ga. App. 538, 541 (2) (685 SE2d 784) (2009).

[11] *Smith v. State*, 264 Ga. 46, 47 (2) (440 SE2d 188) (1994).

it requires a lesser degree of similarity to meet the test of admissibility than when such evidence is being introduced to prove identity. Similar transaction evidence can be introduced to prove bent of mind when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense.[12]

Here, there was such a logical connection, and the trial court did not abuse its discretion in finding that the offenses were sufficiently similar.[13] One of the prior manufacturing charge and the current possession charge both involved possession of marijuana in a plastic bag kept in Davis' car, as well as a large amount of money found on Davis' person. The other prior manufacturing charge also involved a large amount of "bagged up" marijuana. "While there are differences between the . . . offenses, the proper focus is on the similarities, not the differences, between them."[14]

---

[12] (Citations omitted.) *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996).

[13] *Mattox v. State*, 287 Ga. App. 280, 282 (1) (651 SE2d 192) (2007) (we will not disturb a trial court's determination that similar transaction evidence is admissible absent an abuse of discretion).

[14] *Williamson*, supra. at 543 (2); *Gauldock*, supra at 152 (2).

The case cited by Davis in his brief is inapposite.[15] Accordingly, we find that the trial court did not abuse its discretion in admitting evidence of Davis' prior convictions.

3. Davis asserts that there was insufficient evidence of possession of marijuana to sustain the verdict. Specifically, Davis argues that there was no evidence adduced at trial from Officer Starling showing that the contraband was retrieved from Davis' car or from Davis himself. This argument lacks merit.

At trial, there was a stipulation regarding the marijuana recovered by Officer Starling from Davis' vehicle. The parties agreed that the "marijuana in question in this case" was scientifically determined to be marijuana and that it weighed 29.3 grams. Additionally, Officer Starling testified that he saw Davis trying to hide the marijuana, that Davis asked for mercy when he saw the officer recover the contraband, and that Officer Starling identified the marijuana and the bag as the one he recovered from Davis' car during the traffic stop. Additionally, the marijuana recovered from the vehicle was admitted and identified as the subject of the stipulation during trial, and the State tendered the scientific report that was the subject

---

[15] See *King v. State*, 230 Ga. App. 301, 303-304 (1) (496 SE2d 312) (1998) (ten-year old conviction for methamphetamine sale not admissible as similar transaction in case involving possession of methamphetamine in bodily fluids where defendant claimed drug was put in his coffee without his knowledge or consent).

of the stipulation. Based upon a review of this evidence, we find that a rational trier of fact could find beyond a reasonable doubt that Davis was in possession of the marijuana and thus, was guilty of felony possession of marijuana.[16]

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*

---

[16] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Orman v. State*, 207 Ga. App. 671, 672 (2) (428 SE2d 813) (1993).